UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Edward Duane Burris, #301919,<br><br>      Plaintiff,<br><br>vs.<br><br>Bobby Stanley Biggerstaff of Bobby Biggerstaff Grocery,<br><br>      Defendants.<br>_____ | C/A No. 7:08-1687-RBH-WMC<br><br>**REPORT AND RECOMMENDATION** |

The plaintiff, Edward Duane Burris ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Broad River Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC'), and files this action *in forma pauperis* under 28 U.S.C. § 1915. Although the plaintiff is a prisoner, the complaint is not related to his incarceration. Plaintiff sues a store owner for assault and battery. Plaintiff claims the Defendant assaulted him with a deadly weapon while in the parking lot of the Defendant's grocery store. Plaintiff seeks monetary damages. The complaint should be dismissed for lack of jurisdiction.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996).  This review has been conducted in light of the following precedents:  *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious."  § 1915(e)(2)(B)(i), (ii).  A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*.  Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett*

*v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387, (4th Cir. 1990).

### **Background**

The complaint claims the Defendant, an owner of a grocery store, pulled a gun on Plaintiff when he entered the store to ask for help after a car ran over his foot while in the grocery store parking lot. Plaintiff claims the Defendant followed him out of the store and Plaintiff refused to leave the parking lot until the police were called. The complaint alleges the Defendant hit Plaintiff with an axe handle. The police arrived and Plaintiff was taken to the hospital. Plaintiff alleges the police were negligent in investigating the incident and the state magistrate "denied a warrant on Mr. Biggerstaff stating he was defending his self and property." Compl. at 3-4. The complaint seeks monetary damages and "this case of assault with a deadly weapon to be reopened."[2] Compl. at 5.

---

[2] If Plaintiff wished to challenge the ruling of the state magistrate court, the proper course would have been for Plaintiff to appeal the court's decision to the state's appellate court. *See Kirkpatrick v. Lenoir County Bd. of Education*, 216 F.3d 380, 387 (4th Cir. 2000) ("Federal district courts are courts of limited, original jurisdiction with no power to sit as appellate tribunals over state court or administrative proceedings.").

3

**Discussion**

The law is well settled that federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute. *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 337, 327 (1895). "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Davis . Pak*, 856 F.2d 648, 650 (4th Cir. 1988) citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends." If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Davis . Pak*, 856 F.2d 648, 650 (4th Cir. 1988). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id*.

The complaint in this case does not allege facts that establish federal subject matter jurisdiction. To the extent Plaintiff's allegations can be construed to set forth a cause of action, they appear to be based in state law. Federal courts are allowed to hear and decide state-law claims only in conjunction with federal-law claims, through the exercise

4

of "supplemental jurisdiction." *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 387 (1998). Since Plaintiff has asserted no federal claims, this Court cannot exercise "supplemental" jurisdiction over Plaintiff's state claims. *See Lovern v. Edwards*, 190 F.3d 648, 655 (4th Cir. 1999) ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants.").

A civil action for Plaintiff's state claims would be cognizable in this Court under the diversity statute, if that statute's requirements are satisfied. The diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). *See* 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-374 (1978). The complaint indicates the parties to this action are both residents of South Carolina, so diversity of parties does not exist in this case. Accordingly, this Court has no diversity jurisdiction of the case. This Court lacks subject matter jurisdiction in this case.

## Recommendation

Accordingly, it is recommended that the District Judge dismiss the complaint in this case *without prejudice* and without issuance and service of process. **The plaintiff's attention is directed to the important notice on the next page.**

s/William M. Catoe<br>
United States Magistrate Judge

May 22, 2008<br>
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).